**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHENLIAN LIU; JING ZHONG TIE, | No. 09-72381 |
| Petitioners, | Agency Nos. A098-816-796 |
| | A075-669-718 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and BENNETT, District Judge.[***]

Zhenlian Liu and derivatively her husband, Jing Zhong Tie, both natives and

citizens of the People's Republic of China, petition for review of the Board of

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]   The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of Liu's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's determination incorporating the IJ's findings that Liu should be denied relief based upon an adverse credibility determination. Liu failed to mention in her asylum application that her work threatened to punish her if she became pregnant for a third time, or that her work dismissed her after having had another child (or, alternatively, that she quit due to harsh work conditions). Liu claimed to have had no knowledge of her husband's religious beliefs or activities, despite thirty years of marriage and despite religious persecution serving as the sole basis for her husband's earlier asylum application. She was non-responsive and evasive in responding to questions about how she planned to keep her second child in light of China's one-child policy, and in responding to whether she quit her job or was fired. See Jiamu Wang v. INS, 352 F.3d 1250, 1256-57 (9th Cir. 2003). Liu's inconsistencies, omissions, and non-responsiveness on matters material to her persecution claim are sufficient to support the BIA's adverse credibility determination. See Id. at 1259; Singh v. Gonzales, 439 F.3d 1100, 1108 (9th Cir. 2006) (holding that a "single supported

ground for an adverse credibility finding" is sufficient for an adverse credibility determination if it pertains to the alleged persecution and "goes to the heart of the asylum claim").

Although Liu did not specifically raise the BIA's demeanor determination in her opening brief, we consider the issue as part of her general challenge to the BIA's credibility finding.  Substantial evidence supports the BIA's adoption of the IJ's demeanor finding, an area where we give the IJ "special deference." Singh-Kaur v. INS, 183 F.3d 1147, 1151 (9th Cir. 1999).

Finally, substantial evidence supports the BIA's denial of CAT relief because Liu failed to establish that, if returned to China, it is more likely than not that she would be tortured.  C.F.R. 8 § 1208.16(c)(3).

**PETITION DENIED.**